**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| D'URVILLE A. CHRISTOPHER, SR. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-2673 |
| | * | |
| REAR ADMIRAL MARK RICH, | * | |
| COMMANDANT | * | |
| | ****** | |

## MEMORANDUM

Plaintiff seeks an order from this court enjoining the Navy from proceeding with criminal proceedings against plaintiff and allowing charges of physical and sexual assault against children. Plaintiff alleges he has been discharged from the Navy and that the Navy therefore has no jurisdiction to conduct criminal proceedings against him. Defendant, on the other hand, asserts that because of a "legal hold" placed upon plaintiff, he has not been discharged.

Defendant has filed a motion to dismiss. It is clear to me that I should not rule upon the claims asserted by plaintiff until the Navy has addressed the issues. However, in order for me to abstain or to dismiss the action on the ground that plaintiff has failed to exhaust administrative remedies, I would have to have subject matter jurisdiction. A serious question is presented as to whether I do have subject matter jurisdiction.

Under the circumstances I deem it appropriate to close this action administratively, subject to being reopened upon notice by the plaintiff within 30 days of the Navy's final decision on the criminal proceedings being instituted against plaintiff.

Date: January 12, 2015           _____/s/_____
                                 J. Frederick Motz
                                 United States District Judge

1